UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:11-cr-30-FtM-29DNF

MICHAEL ANDRE BROWN
_____

**OPINION AND ORDER**

This matter comes before the Court for sentencing. Defendant filed a Sentencing Memorandum (Doc. #37) arguing he does not qualify under the Armed Career Criminal Act (ACCA) because he does not have three qualifying predicate convictions. The United States filed a Sentencing Memorandum (Doc. #39) arguing to the contrary, and defendant filed a Response (Doc. #40) re-asserting his view that he is not an armed career offender. "The prosecution bears the burden of proving that a sentencing enhancement under the ACCA is warranted." United States v. Lee, 586 F.3d 859, 866 (11th Cir. 2009). For the reasons stated below, the Court finds that the United States has shown that defendant qualifies as an armed career criminal.

**I.**

Defendant was charged in a one count Indictment (Doc. #1) with possession of a firearm and ammunition after having been convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and Section 2. The Indictment identified the following prior

felony convictions: Robbery and battery on a person over 65 years old; battery on a law enforcement officer; burglary of a structure and grand theft; grand theft; possession of cocaine; possession of cocaine; possession of cocaine; resisting officer - high speed vehicle pursuit/flee attempt; battery - two prior convictions third or subsequent offense; fleeing and eluding law enforcement officer with lights and siren; and possession of a firearm by convicted felon and cocaine possession with intent to sell, manufacture or deliver. Defendant plead guilty to the federal firearms offense, and while he does not deny he was convicted of the listed offenses, he challenges their qualification as a "violent felony" or a "serious drug offense" under the ACCA.

Conviction for knowing possession of a firearm or ammunition by a convicted felon pursuant to Section 922(g) is punishable by a term of imprisonment of not more than ten years plus a fine. 18 U.S.C. § 924(a)(2). Under the ACCA, the statutory sentence is increased to a mandatory minimum fifteen years imprisonment if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . ." 18 U.S.C. § 924(e)(1). Additionally, under the Sentencing Guidelines an armed career offender's range of imprisonment is enhanced. United States Sentencing Guidelines (U.S.S.G.) § 4B1.4. The Presentence Report (¶28), and the government, contend that defendant qualifies as an

armed career criminal under Section 924(e)(1) and the Sentencing Guidelines. Defendant virtually concedes that he has two qualifying ACCA felony convictions, but disputes the determination in the Presentence Report that there is a third qualifying felony conviction among the multitude of his other convictions.

**II.**

Whether a prior conviction is a "violent felony" is a question of federal law. Johnson v. United States, 130 S. Ct. 1265, 1269 (2010); United States v. Santiago, 601 F.3d 1241, 1243 (11th Cir. 2010). "Violent felony" is defined in § 924(e) as follows:

> (B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
> > . . . .

18 U.S.C. § 924(e)(2)(B). Under the "elements" clause in § 924(e)(2)(B)(i), the "physical force" requires "*violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson, 130 S. Ct. at 1271 (emphasis in original). After Begay v. United States, 553 U.S. 137 (2008), the "residual clause" of § 924(e)(2)(B)(ii) requires that the offense

pose a serious potential risk of physical injury comparable to the risk posed by the enumerated crimes, <u>and</u> be "roughly similar, in kind" to the enumerated crimes. <u>Begay</u> 553 U.S. at 143. <u>See also</u> <u>United States v. Alexander</u>, 609 F.3d 1250, 1255-56 (11th Cir. 2010).

To determine whether a prior offense is a "violent felony," the Court uses a "categorical approach" in which it looks "only to the fact of conviction and the statutory definition of the prior offense." <u>Sykes v. United States</u>, 131 S. Ct. 2267, 2272 (2011); <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990). The Court considers whether the elements of the offense qualify as a violent felony, without inquiring into the specific conduct of a particular offender. <u>Sykes</u>, 131 S. Ct. at 2272; <u>James v. United States</u>, 550 U.S. 192, 202 (2007). The Court focuses on the elements of the state crime to determine the way in which it is ordinarily committed. <u>Sykes</u>, 131 S. Ct. at 2272. Where this categorical approach establishes that a statute encompasses both conduct that constitutes a violent felony and conduct that does not, a "modified categorical approach" is followed. <u>Shepard v. United States</u>, 544 U.S. 13, 23 (2005); <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1327 (11th Cir. 2010). In such a situation, a court is allowed to go beyond the mere fact of conviction, but is limited to examining only "records of the convicting court approaching the certainty of the record of conviction." <u>Shepard</u>, 544 U.S. at 23.

These records include charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms. Johnson, 130 S. Ct at 1273.

A "serious drug offense" is (1) An offense under certain federal drug statutes for which the maximum term of imprisonment is ten years or more. § 924(e)(2)(A)(i), or (2) an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance for which the maximum term of imprisonment is ten years or more. § 924(e)(2)(A)(ii).

### A. Robbery

The Presentence Report counts the Robbery conviction in paragraph 37 as a qualifying predicate crime of violence under the ACCA. (PSR, ¶28). Defendant "does not dispute that his robbery offence may well be a violent felony as contemplated by the ACCA, . . ." (Doc. #37, p. 2). The Court concludes that defendant's robbery conviction is a violent felony under the ACCA. United States v. Lockley, 632 F.3d 1238, (11th Cir. 2011)(under Florida law, robbery and attempted robbery categorically qualify as crime of violence).

### B. Possession of Cocaine with Intent to Sell

The Presentence Report counts the Possession of Cocaine with Intent to Sell conviction in paragraph 48 as a qualifying predicate

serious drug offense under the ACC.  (PSR ¶28).  Defendant has not challenged this as a proper predicate conviction, and the Court agrees that it is a qualifying serious drug offense under the ACCA.

**C. Battery on a Law Enforcement Officer; Recidivist Battery**:

The Presentence Report does not rely on the Battery on a Law Enforcement Officer conviction in paragraph 39 and the Battery (Third or More) conviction in paragraph 46 as qualifying predicate violent felonies.  (PSR ¶ 28).  The government argues, however, that both constitute qualifying ACCA convictions.

State law determines the contours of a state criminal offense. Johnson, 130 S. Ct. at 1269.  In Florida, the word "battery" "refers to the touching or striking of another person." State v. Warren, 796 So. 2d 489, 490 (Fla. 2001).  Florida law treats "simple" battery as a misdemeanor, Fla. Stat. § 784.03(1)(b), but converts conduct constituting a simple battery into a felony offense when the conduct is committed under certain circumstances or by certain persons.  For example, a simple battery committed upon a law enforcement officer is treated as a felony, Fla. Stat. § 784.07(2)(b), and a simple battery committed by a person with a prior battery conviction is treated as a felony, Fla. Stat. § 784.03(2).

The Eleventh Circuit has held that the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the physical force requirements

of a "crime of violence" or "violent felony" enhancement under the ACCA or Sentencing Guidelines. United States v. Williams, 609 F.3d 1168 (11th Cir. 2010); United States v. Pantle, 637 F.3d 1172, 1175-76 (11th Cir. 2011). Rather, the Court must look to Shepard v. United States, 544 U.S. 13, 26 (2005) approved documents to determine if the battery was under the touching prong of Florida law or the bodily harm prong of the Florida statute. Williams, 609 F.3d at 1169. "[W]hen nothing in the Shepard documents before the trial court shows that a defendant's prior conviction under Fla. Stat. § 784.03 was based on greater force than an actual and intentional touching, the prior conviction does not constitute a violent felony under 18 U.S.C. § 924(e)(2)(B)(i)." Pantle, 637 F.3d at 1176. Here, the government points to no Shepard-approved documents to establish that the battery on a law enforcement officer conviction involved the requisite amount of physical force.

The government argues that while neither of these felony battery statutes require the physical force mandated by Johnson, both qualify under the "residual clause" of § 924(e) because they "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). There is nothing in the nature of simple battery as defined by Florida law or in Shepard-approved facts which would enable the Court to conclude that the offense otherwise involved conduct that presented a serious potential risk of physical injury to another.

Contrary to the government's argument, a simple battery under Florida law does not necessarily rise to the level of a serious potential risk of physical injury to another, and no case is cited to support such a holding. The type of analysis performed in Sykes does not yield the same result for a simple battery.

The same is true with the recidivist battery conviction. Nothing in paragraph 46 of the Presesntence Report, or the information proffered by the government, shows that sufficient physical force was involved, and nothing establishes that the residual clause is satisfied. The Court concludes that the government has not established that either of these convictions qualify under the ACCA.

**D. Burglary of a Structure**:

The Presentence Report counts the Burglary of a Structure conviction in paragraph 40 as a qualifying predicate violent felony. (PSR ¶28). The Presentence Report indicates that an Information "indicates that on May 5, 2001, Brown entered the Palm Kawasaki and Suzuki in Port Charlotte, Florida, and stole items valued over $300." Presentence Report, ¶ 40. Both parties agree as to the language of the Information (Doc. #37, p. 13; Doc. #39, p. 9).

Under the ACCA a conviction for "generic burglary" counts as a violent felony, while a conviction for "non-generic burglary" does not. Taylor v. United States, 495 U.S. 575 (1990) held that

"a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. "A conviction under a non-generic burglary statute still counts as 'burglary' under the ACCA if the defendant was actually found guilty of the elements of a generic burglary." United States v. Rainer, 616 F.3d 1212, 1215 (11th Cir. 2010).

Under the modified categorical approach, it is clear that the Information charged defendant with generic burglary. Under Shepard Defendant cannot rely upon an arrest affidavit. Additionally, as defendant concedes (Doc. #37, p. 15), under United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006) defendant's conviction is a violent felony under the residual clause. See also United States v. Wheeler, 434 F'Appx. 831 (11th Cir. 2011).

**E.   Resisting Officer - High Speed Vehicle Pursuit/Flee Attempt, Fleeing and Eluding LEO with Lights and Siren**:

The Presentence Report counts the Resisting Officer - High Speed Vehicle Pursuit/Flee Attempt conviction in paragraph 45 and the Fleeing and Eluding LEO with Lights and Siren conviction in paragraph 49 as qualifying predicate violent felonies. (PSR ¶ 28).

The Florida fleeing and eluding statute covers different types of fleeing behavior, not all of which have been found to be violent felonies. Willful fleeing after a police vehicle has activated its lights and sirens in violation fo Fla. Stat. § 316.1935(2) "does not fall within the scope of the kind of crimes that the ACCA was intended to reach." United States v. Harrison, 558 F. 3d 1280, 1296 (11th Cir. 2009). Willful fleeing after a police vehicle has activated its lights and sirens with high speed ord wanton disregard for the safety of persons or property in violation of Fla. Stat. § 316.1935(3), on the other hand, is a crime of violence. United States v. Harris, 586 F.3d 1283 (11th Cir. 2009). See also United States v. Lee, 631 F.3d 1343 (11th Cir. 2011). After these cases were decided, the Supreme Court in Sykes found that fleeing police officers in a motor vehicle was within the residual clause as a categorical matter, and therefore was a violent felony. An intervening decision of the Supreme Court can overrule a decision of the Eleventh Circuit if the decision is "clearly on point." Galdames v. N&D Inv. Corp., 432 F'Appx. 801, 803 (11th Cir. 2011), quoting Randall v. Scott, 610 F.3d 701, 707 (11tah Cir. 2010). The Court finds Sykes to be clearly on point, and under the Sykes analysis both of these Florida convictions are violent felonies.

The Court concludes that the residual clause of § 924(e)(2)(B)(ii), which includes as a violent felony an offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another", is not unconstitutionally vague.  It has been applied repeatedly by both the Eleventh Circuit and the Supreme Court in Sykes had no trouble with its constitutionality.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's objection to being considered an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) is **OVERRULED.**

2. The Probation Office shall attach a copy of this Opinion and Order to the Presentence Report when sent to the U.S. Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of January, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation